**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SUNEDISON, INC., *et al.*, | ) Case No. 16-10992 (SMB) |
| Debtors[1]. | ) (Jointly Administered) |
| | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors, | |
| Plaintiff, | ) Adv. Proc. No. 16-01228 (SMB) |
| v. | |
| WELLS FARGO BANK, N.A, *et al.*, | |
| Defendants. | |

**DEFENDANT THE ROYAL BANK OF SCOTLAND PLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
**DISMISS PLAINTIFF'S AMENDED ADVERSARY COMPLAINT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); and SunE Minnesota Holdings, LLC (8926). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

FACTUAL BACKGROUND AS TO RBS ................................................................................2

ARGUMENT .................................................................................................................................3

    I.     LEGAL STANDARD ...................................................................................................3

    II.    PLAINTIFF'S AMENDED COMPLAINT AGAINST RBS FAILS FOR THE REASONS SET FORTH IN THE PREPETITION FIRST LIEN LENDER'S MOTIONS TO DISMISS .................................................................................................3

    III.   THE CLAIMS AGAINST RBS FAIL FOR TWO ADDITIONAL REASONS UNIQUE TO RBS ........................................................................................................3

CONCLUSION ..............................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 3

*Johnson v. Priceline.com, Inc.*,
  711 F.3d 271 (2d Cir. 2013) ....................................................................................... 3

*Liquidation Trust v. Daimler AG (In re Old CarCo LLC)*,
  435 B.R. 169 (Bankr. S.D.N.Y. 2010) ....................................................................... 4

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................................ 3

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 3

Fed. R. Bank. P. 7009 ....................................................................................................... 1

Fed. R. Bank. P. 7012(b) .................................................................................................. 1

The Royal Bank of Scotland plc ("RBS"), by its undersigned counsel, hereby submits this memorandum of law in support of its motion pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss with prejudice the *Amended Adversary Complaint* filed by Plaintiff on November 22, 2016 and served upon RBS on January 4, 2017.

## PRELIMINARY STATEMENT

RBS was added as a newly-named defendant for the first time in the *Amended Adversary Complaint* [Adv. Pro. Dkt. No. 12], filed on November 22, 2016 – more than one month after the Challenge Period expired on October 20, 2016. While not specified in the *Amended Adversary Complaint* [Adv. Proc. Dkt. No. 12], RBS is apparently considered a Prepetition First Lien Lender. Plaintiff's purported claims against RBS cannot stand and must be dismissed with prejudice.

*First*, Plaintiff's claims against RBS must be dismissed for reasons set forth in the memoranda of law filed by the Prepetition First Lien Lenders in support of their motions to dismiss.

*Second*, Plaintiff's claims against RBS must be dismissed because the *Amended Adversary Complaint* fails to allege that RBS in particular currently holds the liens and equity pledges sought to be avoided. In fact, unlike certain of the other Prepetition First Lien Lenders, RBS sold and assigned all interests in the First Lien Security Agreement on March 23, 2016 – eight months prior to the filing of the *Amended Adversary Complaint*. Moreover, Plaintiff's claim against RBS for aiding and abetting a breach of fiduciary duty (Count 15) fails because, unlike certain of the other Prepetition First Lien Lenders, RBS (1) did not sign or otherwise approve the 2016 First Lien Security Agreement Amendment; and (2) had disposed of all interests in the First

Lien Security Agreement prior to the time period in which the alleged aiding and abetting conduct took place.

Thus, Plaintiff's *Amended Adversary Complaint* must be dismissed with prejudice as to RBS.

## FACTUAL BACKGROUND AS TO RBS

RBS hereby incorporates the facts set forth in (1) the *Declaration of Brian Geldert In Support of RBS Motion to Dismiss*, dated January 26, 2017 (the "Geldert Decl."); (2) the *Prepetition First Lien Administrative Agent's and Lenders' Memorandum of Law in Support of Motion to Dismiss*, filed by First Lien Defendants Wells Fargo Bank, N.A., Goldman Sachs Bank USA, KeyBank National Association, Morgan Stanley Senior Funding, Inc. and BBVA Compass Bank on November 22, 2016 [Adv. Pro. Dkt. No. 18] (the "First Memorandum of Law"); (3) the *Prepetition First Lien Administrative Agent's and Lenders' Reply Memorandum of Law in Further Support of Motion to Dismiss* filed on January 20, 2017 [Adv. Pro. Dkt. No. 47] (the "Second Memorandum of Law"); and (4) the *Newly Named Prepetition First Lien Lenders' Memorandum of Law in Support of Motion to Dismiss*, filed by Bank of America, National Association, Bank of America Merrill Lynch, Barclays Bank PLC, Citicorp North America, Inc., Citigroup Financial Products Inc., Citigroup Global Markets, Inc., Credit Suisse AG Cayman Islands, Deutsche Bank AG Cayman Islands, Deutsche Bank AG New York, Macquarie Capital (USA) Inc., MIHI LLC and The Royal Bank of Canada on January 24, 2017 [Adv. Pro. Dkt. No. 51] (collectively with the First Memorandum of Law and the Second Memorandum of Law, the "Memorandums of Law").

# ARGUMENT

## I. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (internal quotation marks omitted); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (a "complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."). While the Court must accept "well-pleaded factual allegations" as true, it cannot accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678-79. Simply put, a complaint is legally insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. PLAINTIFF'S AMENDED COMPLAINT AGAINST RBS FAILS FOR THE REASONS SET FORTH IN THE PREPETITION FIRST LIEN LENDER'S MOTIONS TO DISMISS

RBS hereby joins, and incorporates by reference as if fully set forth herein, the arguments set forth in the Memorandums of Law filed by the other Prepetition First Lien Lenders in support of their motions to dismiss Counts 6, 9, 10, 11, 12, 13, 14, and 15 of the *Amended Adversary Complaint*. The *Amended Adversary Complaint* should be dismissed against RBS with prejudice for the reasons set forth in the Memorandums of Law.

## III. THE CLAIMS AGAINST RBS FAIL FOR TWO ADDITIONAL REASONS UNIQUE TO RBS

*First,* Counts 6, 9, 10, 11, 12, 13, 14 and 15 of the *Amended Adversary Complaint* must be dismissed because the *Amended Adversary Complaint* fails to allege that RBS in particular currently holds the liens and equity pledges sought to be avoided. Indeed, it could not. Unlike

certain of the Prepetition First Lien Lenders, RBS sold and assigned all interests in the First Lien Security Agreement on March 23, 2016 – eight months prior to the filing of the *Amended Adversary Complaint*. *See* Geldert Decl.¶ 2. Moreover, Wells Fargo Bank, N.A., as collateral agent, holds the liens and equity pledges sought to be avoided. Accordingly, RBS does not currently hold any liens, equity pledges, claims or other interests in the First Lien Security Agreement to avoid. And amendment of Plaintiff's pleading would be futile in light of RBS's disposal of such interests.

*Second*, Count 15 of the *Amended Adversary Complaint* (aiding and abetting breach of fiduciary duty) must also be dismissed because it fails to allege that RBS was involved in any of the alleged communications or actions underlying this claim. Nor could it.

The aiding and abetting claim is fundamentally premised on the January 2016 Transactions, including the 2016 First Lien Security Agreement Amendment. As is evident from the face of the Amendment,[2] however, RBS did not sign or otherwise approve that Amendment and therefore was not part of the January 2016 Transactions. *See* Exhibit 4 to *Declaration of Christopher Harris* [Adv. Proc. Dkt No. 18-5]. Under the Prepetition First Lien Security Agreement (*see* Exhibit 1 to Harris Decl. [Adv. Proc. Dkt. No. 18-2]), the Amendment required the approval of the "Required Lenders," defined as lenders holding more than 50% of outstanding commitments under the facility. Because RBS did not execute the Amendment, it was not a Required Lender for purposes of the Amendment. Indeed, the *Amended Adversary Complaint* does not allege that RBS signed or otherwise approved the 2016 First Lien Security Agreement Amendment, and seeking to amend the complaint to assert such an allegation would

---

[2] On a motion to dismiss, this Court may take judicial notice of and consider the contents of the First Lien Security Agreement and the 2016 First Lien Security Agreement Amendment, both of which are relied upon and incorporated by reference in the *Amended Adversary Complaint*. *See Liquidation Trust v. Daimler AG (In re Old CarCo LLC)*, 435 B.R. 169, 177 (Bankr. S.D.N.Y. 2010).

4

be futile. It is not plausible that RBS participated in the alleged scheme to aid and abet a breach of fiduciary duty, when RBS did not even join the Amendment in the first place.

And while the *Amended Adversary Complaint* asserts in blunderbuss fashion that unspecified defendants "used their influence to induce, coerce, and substantially contribute to SUNE's avoiding filing for bankruptcy within the preference period," the *Amended Adversary Complaint* does not allege specifically that RBS was involved in any of the alleged communications or actions underlying this claim. Indeed, it could not. RBS disposed of its interests in the First Lien Security Agreement on March 23, 2016 – one month before the Petition Date and 17 days before the expiration of the 90-day period following the January 2016 Amendment. Geldert Decl. ¶ 2. The *Amended Adversary Complaint* alleges that the aiding and abetting conduct took place in "the weeks leading up to the bankruptcy filing on April 21," in connection with "procuring postpetition financing" in "early April 2016," and/or other actions in "April 2016." Am. Compl. ¶¶ 162-166 [Adv. Pro. Dkt. No. 12]. It does not identify any alleged aiding and abetting conduct that took place prior to March 23, 2016. Likewise, Plaintiff's opposition brief focuses on the "decision here to delay the [bankruptcy] filing from April 10, 2016 to April 21, 2016." Pl Opp. Br. at 51 n.30 [Adv. Pro. Dkt. No. 35]. By April 2016, RBS indisputably was no longer a First Lien Lender, and therefore could not plausibly have been involved in the alleged conduct.

5

**CONCLUSION**

It is clear that RBS was included in the *Amended Adversary Complaint*, filed at the last minute, without sufficient factual or legal support. For the foregoing reasons, RBS respectfully requests that the Court dismiss the claims against RBS with prejudice to spare it the unnecessary burden and expense of continuing involvement in this litigation.

Dated:  New York, New York  
        January 26, 2017

Respectfully submitted,

By: /s/Jeffrey R. Gleit  
Jeffrey R. Gleit  
SULLIVAN & WORCESTER LLP  
1633 Broadway, 32nd Floor  
New York, New York 10019  
Telephone: (212) 660-3000  
Facsimile: (212) 660-3001  
jgleit@sandw.com

*Attorneys for Defendant The Royal Bank of Scotland plc*

6